■ ROBERT DONNELLY, Appellant, v GERALD C. FINKEL et al., Defendants, and ARTHUR V. PLURAD et al., Respondents. [641 NYS2d 874] —In a medical malpractice action to recover damages, *inter alia,* for wrongful death, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Lama, J.), dated December 8, 1994, which granted the separate motions of the defendants Arthur V. Plurad and St. Charles Hospital for summary judgment dismissing the complaint as against them.

Ordered that the order is reversed, on the law and the facts, with one bill of costs, the respondents' motions for summary judgment are denied, and the complaint as to them is reinstated.

This medical malpractice action involves the alleged failure to diagnose ovarian cancer, and the factual and procedural background has been more fully set forth in the companion appeal decided today (*see, Donnelly v Finkel,* 226 AD2d 671).

We find that the plaintiff's papers were sufficient to establish the existence of triable issues of fact precluding summary judgment as to Dr. Arthur V. Plurad. While Dr. Plurad and his expert affirmed that no significant microscopic abnormalities were found in the slides analyzed by the defendant, the plaintiff's experts reached the opposite conclusion, i.e., that the specimens from the left ovary showed atypical or cancerous cells. Significantly, the plaintiff established a causative link between the alleged misdiagnosis and his decedent's subsequent illness through the experts' affidavits and deposition testimony in which they opined that had the surgeons been apprised of the true condition of the left ovary, they would have removed the right ovary, and thereby prevented the cancer from metastasizing to the degree it did. Hence, summary judgment should not have been granted to Dr. Plurad.

Finally, in light of our determination as to the continued viability of the claim against Plurad, the complaint insofar as asserted against St. Charles Hospital must also be reinstated. Balletta, J. P., Thompson, Santucci and Florio, JJ., concur.