■ MELISSA MERRITT, Respondent, v SARATOGA HOSPITAL, Defendant, and SARATOGA EMERGENCY PHYSICIANS, P.C., et al., Appellants. [750 NYS2d 140] —Crew III, J. Appeal from an order of the Supreme Court (Cobb, J.), entered September 19, 2001 in Greene County, which denied a motion by defendants Saratoga Emergency Physicians, P.C. and Albert Jagoda for summary judgment dismissing the complaint against them.

On April 23, 1997, plaintiff fell and suffered an injury to her left arm. Later that day, plaintiff went to the emergency room of defendant Saratoga Hospital (hereinafter the hospital) where she was examined by defendant Albert Jagoda, an emergency room physician and employee of defendant Saratoga Emergency Physicians, P.C., which contracted with the hospital to provide medical personnel. Jagoda's examination revealed that plaintiff's arm was swollen around the wrist area and she had multiple contusions about her arms and legs. Based upon his initial assessment, Jagoda ordered an X-ray of plaintiff's left arm because he was concerned about a possible fracture. The staff radiologist issued a preliminary report in which he ruled out a fracture, prompting Jagoda to conclude that plaintiff had merely sustained a sprain. Accordingly, he ordered a splint to be applied and discharged plaintiff with instructions that she follow up with her primary care physician.

The day following her treatment at the hospital, plaintiff's father went to her apartment and found her to be severely ill. Plaintiff was taken by ambulance to Columbia Memorial Hospital where she was evaluated and immediately airlifted to Albany Medical Center. Upon admission, she was found to be severely obtundent and suffering from septic shock. Plaintiff was seen by James Edmond, chief of plastic surgery at Albany Medical Center, who initially performed a surgical decompression procedure on her left arm and thereafter performed numerous other surgeries involving that arm.

Plaintiff thereafter commenced this medical malpractice action against the hospital, Jagoda and Saratoga Emergency Physicians for failing to diagnose and medically address her condition when she was initially seen on April 23, 1997. Following joinder of issue and discovery, the action was discontinued as against the hospital. Thereafter, Jagoda and Saratoga Emergency Physicians (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the complaint against them. Supreme Court denied the motion, prompting this appeal.

It is axiomatic that the proponent of a summary judgment motion must demonstrate entitlement to judgment as a matter of law by tendering admissible evidence demonstrating the absence of material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). In the instant case, the gravamen of plaintiff's claim is that when she presented to the hospital emergency room, she was suffering from "compartment syndrome" in her left arm, which Jagoda failed to diagnose and treat, resulting in the injuries diagnosed upon her admission

to Albany Medical Center. In support of the motion for summary judgment, defendants submitted Edmond's affidavit. Edmond averred that when he first saw plaintiff, her left arm was cadaverous and she was moribund. Although there was no history of medications having been administered, Edmond observed a puncture wound and needle track at the anticubital fossa of plaintiff's left arm and a "pyramid" of deteriorated muscle originating at the site of the puncture wound. Edmond did not observe any abrasion or bruising of the arm suggestive of blunt trauma that would cause compartment syndrome. Based upon those findings, Edmond opined, with a reasonable degree of medical certainty, that plaintiff's condition was caused by the puncture wound to her arm and the concomitant injection of some sort of caustic substance into the arm, rather than by a compartment syndrome as the result of her fall on April 23, 1997. Edmond further averred, again with a reasonable degree of medical certainty, that the puncture wound that he observed occurred shortly before plaintiff presented to the Albany Medical Center and definitely after being seen by Jagoda.

In opposition to defendants' motion, plaintiff submitted the affidavit of a physician who averred that, based upon his review of the medical records, plaintiff suffered from significant soft tissue swelling and pain in her left forearm at the time she presented to the hospital. According to such expert, significant swelling usually is the first sign of possible compartment syndrome. The expert further averred that the amount of pain described in the nurse's notes was greater than one would expect with a bruise and that severe pain is yet another sign of compartment syndrome. Thus, plaintiff's expert was of the view that it was Jagoda's deviation from good and accepted medical practice in failing to properly recognize and treat plaintiff's compartment syndrome that was the proximate cause of her injuries, rather than some superseding cause.

Once a defendant satisfies his or her burden of demonstrating entitlement to summary judgment, as is the case here, "plaintiff must adequately rebut defendant's prima facie showing by establishing a departure from accepted medical practice, as well as a nexus between the alleged malpractice and plaintiff's injury" (*Rossi v Arnot Ogden Med. Ctr.*, 268 AD2d 916, 917, *lv denied* 95 NY2d 751). Here, a reading of Edmond's affidavit makes plain that regardless of any alleged failure to recognize and address symptoms of compartment syndrome, the offending injury at bar was a puncture wound sustained subsequent to plaintiff's visit to the emergency room of the

hospital. That opinion was based, as it must be, upon record facts and not mere conclusory assertions. In that regard, plaintiff's only rebuttal evidence was the opinion of her expert that it was Jagoda's "deviation from good and accepted medical practice, in failing to properly recognize and treat plaintiff's compartment syndrome, which proximately caused the injury claimed, *rather than from some superseding cause*" (emphasis added). Notably, plaintiff's expert cites to no record evidence to support the opinion that plaintiff's injuries were not due to the superseding cause articulated by defendants' expert. Such conclusory statement is insufficient to rebut defendants' proof of a superceding cause of plaintiff's injury.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants Saratoga Emergency Physicians, P.C. and Albert Jagoda and complaint dismissed against them.