■ ANTHONY NANGANO, Appellant, v MOUNT SINAI HOSPITAL et al., Respondents. [759 NYS2d 538] —In an action to recover damages for wrongful death based upon medical malpractice and lack of informed consent, the plaintiff appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Kings County (Patterson, J.), dated September 7, 2001, as granted the defendants' motion for summary judgment dismissing the complaint, and (2) from a judgment of the same court, dated October 10, 2001, entered upon the order, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In opposition to the defendants' demonstration of entitlement to judgment as a matter of law dismissing the complaint, the plaintiff failed to raise a triable issue of fact on the causes of action therein, which sought to recover damages for medical malpractice and lack of informed consent (*see* Public Health Law § 2805-d [1], [3]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325 [1986]; *Brugaletta v Staten Is. Univ. Hosp.,* 295 AD2d 461, 462 [2002]; *Dunlop v Sivaraman,* 272 AD2d 570 [2000]; *Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358, 359 [1998]).

The affirmation of the plaintiff's expert was insufficient to demonstrate that the expert's conclusions were any more than speculative or within the expert's area of special skill (*see Romano v Stanley,* 90 NY2d 444, 451-452 [1997]; *see also Adamy v Ziriakus,* 92 NY2d 396, 401-402 [1998]). Moreover, it is not without significance that the plaintiff's expert omitted from the list of subjects that needed discussion to sustain the decedent's informed consent the risk of short bowel syndrome, the very condition alleged to have led to her death.

Accordingly, the Supreme Court properly granted summary judgment to the defendants and dismissed the complaint. Prudenti, P.J., Ritter, Feuerstein and Crane, JJ., concur.