■ SHARI BEHAR et al., Respondents, v CHARLES COREN, Appellants, et al., Defendants. [803 NYS2d 629]—

In an action to recover damages for medical malpractice, etc., the defendant Charles Coren appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.) dated November 21, 2003, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him, and the defendants James Markowitz and Anupama Chawla separately appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, the motions are granted, and the complaint is dismissed insofar as asserted against the appellants; and it is further,

Ordered that upon searching the record, summary judgment is awarded to the defendant North Shore University Hospital dismissing the complaint insofar as asserted against that defendant; and it is further,

Ordered that one bill of costs is awarded to the appellants.

Shortly after his birth on February 20, 1997, the infant plaintiff, Justin Behar, was operated on by the defendant Charles Coren, in connection with a duodenal obstruction. The plaintiffs allege that, during the surgery, Dr. Coren should have discovered an intestinal malrotation and surgically treated such condition. The infant plaintiff was later treated by the defendants Anupama Chawla and James Markowitz—both pediatric gastroenterologists—who, according to the plaintiffs, inter alia, failed to properly diagnose the infant plaintiff's condition.

After joinder of issue, Dr. Coren moved, and Drs. Chawla and Markowitz separately moved, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motions, determining, based on conflicting expert affidavits, that triable issues of fact existed relating to the infant plaintiff's diagnosis and treatment.

On appeal, the appellants argue that, in opposition to their prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact. Specifically, the appellants contend that the expert affidavit proffered by the plaintiffs in opposition to their respective motions was insufficient, as a matter of law, to dispute the opinions of their experts who asserted, inter alia, that the diagnosis and treatment did not deviate from good and accepted medical practice.

The appellants made a prima facie showing of entitlement to judgment as a matter of law. In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). In this regard, the appellants submitted expert medical affidavits attesting that the treatment they rendered conformed to good and acceptable medical practice (see Holbrook v United Hosp. Med. Ctr., 248 AD2d 358 [1998]; LaMarque v North Shore Univ. Hosp., 227 AD2d 594 [1996]). Accordingly, the burden then shifted to the plaintiffs "to show by sufficient evidentiary proof the existence of a triable factual issue" (Holbrook v United Hosp. Med. Ctr., supra at 359).

In opposition, the plaintiff came forward with the affidavit of a pathologist who contested the opinions of the appellants' respective experts concerning the surgical and gastroenterological treatment administered to the infant plaintiff. The affidavit of the plaintiffs' expert did not mention whether he had any specific training or expertise in surgery, gastroenterology, or pediatrics. Moreover, the affidavit did not indicate that he had familiarized himself with the relevant literature or otherwise set forth how he was, or became, familiar with the applicable standards of care in this specialized area of practice. "While it is true that a medical expert need not be a specialist in a particu-

lar field in order to testify regarding accepted practices in that field . . . the witness nonetheless should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable" (*Postlethwaite v United Health Servs. Hosps.*, 5 AD3d 892, 895 [2004] [internal quotation omitted]; *see LaMarque v North Shore Univ. Hosp., supra* at 594 ["An expert witness must possess the requisite skill, training, knowledge, or experience to ensure that an opinion rendered is reliable"]). Thus, where a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered (*see Romano v Stanley*, 90 NY2d 444, 451-452 [1997]; *Nangano v Mount Sinai Hosp.*, 305 AD2d 473 [2003]). In the circumstances of this case, as the plaintiffs' expert failed to lay the requisite foundation for his asserted familiarity with the applicable standards of care, his affidavit was of no probative value.

The plaintiffs' remaining contentions are without merit.

Since we have dismissed the complaint insofar as asserted against Drs. Chawla and Markowitz, upon searching the record, we also dismiss the complaint insofar as asserted against their employer, North Shore University Hospital, as the basis for its liability was merely vicarious. Adams, J.P., Mastro, Lifson and Lunn, JJ., concur.