■ MONY LIFE INSURANCE COMPANY et al., Plaintiffs, v ANGEL CORDERO, JR., Defendant and Third-Party Plaintiff-Respondent. NEAL E. HAYIAS, Third-Party Defendant-Appellant. [802 NYS2d 632]—In an action, inter alia, for a judgment declaring that certain insurance policies are void ab initio, the third-party defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated October 22, 2004, as denied his motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the third-party complaint is dismissed.

The third-party defendant made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that his alleged breach of a fiduciary duty did not proximately cause any of the third-party plaintiff's alleged damages (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Rodriguez v Investors Ins. Co. of Am.*, 201 AD2d 355, 356 [1994]). In opposition, the third-party plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court erred in denying the third-party defendant's motion for summary judgment dismissing the third-party complaint. H. Miller, J.P., Santucci, Goldstein and Dillon, JJ., concur.