■ Dawn Mustello, Appellant, v Paul Berg et al., Respondents, et al., Defendants. [845 NYS2d 86]—

In an action to recover damages for personal injuries arising from medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), entered June 12, 2006, as granted the cross motion of the defendants Paul Berg and Prohealth Care Associates, LLP, inter alia, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants Paul Berg and Prohealth Care Associates, LLP (hereinafter Prohealth), made a prima facie showing of entitlement to judgment as a matter of law. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In this regard, Berg and Prohealth submitted an expert medical affidavit attesting that the treatment they rendered conformed to good and acceptable medical practice (*see Holbrook v United Hosp. Med. Ctr.*, 248 AD2d 358 [1998]; *LaMarque v North Shore Univ. Hosp.*, 227 AD2d 594 [1996]). In opposition, the plaintiff came forward with the affidavit of a general surgeon who contested the opinions of Berg and Prohealth's expert concerning the gastroenterological treatment administered to the plaintiff. The

affidavit of the plaintiff's expert did not mention whether he had any specific training or expertise in gastroenterology. Moreover, the affidavit did not indicate that he had familiarized himself with the relevant literature or otherwise set forth how he was, or became, familiar with the applicable standards of care in this specialized area of practice. "While it is true that a medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field . . . the witness nonetheless should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable" (*Postlethwaite v United Health Servs. Hosps.*, 5 AD3d 892, 895 [2004] [internal quotation marks omitted]). Thus, where a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered (*see Romano v Stanley*, 90 NY2d 444, 451-452 [1997]; *Behar v Coren*, 21 AD3d 1045, 1046 [2005]; *Nangano v Mount Sinai Hosp.*, 305 AD2d 473 [2003]; *Bodensiek v Schwartz*, 292 AD2d 411 [2002]; *Julien v Physician's Hosp.*, 231 AD2d 678 [1996]). In the circumstances of this case, as the plaintiffs' expert failed to lay the requisite foundation for his asserted familiarity with the applicable standards of care, his affidavit was of no probative value (*see Behar v Coren*, 21 AD3d at 1046). Ritter, J.P., Santucci, Florio and Dillon, JJ., concur.