■ REGINA GLAZER, Appellant, v CHOONG-HEE LEE et al., Respondents. [859 NYS2d 250]—In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Donovan, J.), entered July 19, 2006, which granted the motion of the defendants Choong-Hee Lee, as executor of the estate of Chong Lee, and the Westchester Medical Group for summary judgment dismissing the complaint insofar as asserted against them, (2) from an order of the same court also entered July 19, 2006, which denied her motion to strike the answer of the defendants Choong-Hee Lee, as executor of the estate of Chong Lee, and the Westchester Medical Group for their failure to appear for deposition, and (3), as limited by her brief, from so much of an order of the same court also entered July 19, 2006, as granted those branches of the motion of the defendants Michael A. Werner and M.A.Z.E. Laboratories which were to dismiss the complaint insofar as asserted by the plaintiff in her individual capacity against them and to dismiss the complaint insofar as

asserted by the plaintiff as executor of the estate of Howard Glazer against them to the extent that she sought damages in excess of $2,500.

Ordered that the first and second orders entered July 19, 2006 are affirmed; and it is further,

Ordered that the third order entered July 19, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In December 2002 Howard Glazer and Regina Glazer (collectively the Glazers) commenced an action against Chong Lee and the Westchester Medical Group (hereinafter collectively the Lee defendants), and Michael Werner and M.A.Z.E. Laboratories (hereinafter collectively the Werner defendants). They sought damages sounding in medical malpractice and negligence against the Lee defendants and damages sounding in negligence against the Werner defendants. The Glazers alleged that, due to the defendants' actions, they were unable to conceive a child together. Howard Glazer died in June 2004 and Regina Glazer continued the action in her individual capacity and as executor of his estate (hereinafter the plaintiff). Chong Lee also died during the pendency of this action. Choong-Hee Lee, the executor of his estate, was substituted as a party defendant.

The Lee defendants established their prima facie entitlement to summary judgment dismissing the medical malpractice causes of action insofar as asserted against them by submitting an expert's affirmation showing that the treatment Dr. Lee rendered to Howard Glazer conformed to good and accepted medical practice (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Mustello v Berg,* 44 AD3d 1018 [2007]; *Behar v Coren,* 21 AD3d 1045 [2005]). The burden then shifted to the plaintiff to show the existence of a triable issue of fact (*see Rosen v John J. Foley Skilled Nursing Facility,* 45 AD3d 558 [2007]; *Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358 [1998]). The affirmation of the plaintiff's expert was of no probative value, as it contained opinions outside his area of expertise and did not establish a foundation for his opinions (*see Mustello v Berg,* 44 AD3d at 1018-1019; *Behar v Coren,* 21 AD3d at 1046-1047). Thus, it was insufficient to show the existence of a triable issue of fact.

The Lee defendants also demonstrated their entitlement to summary judgment dismissing the negligence causes of action insofar as asserted against them by showing that even if they were negligent, any negligence on their part was not a proximate cause of the damages alleged by the plaintiffs (*see MONY Life Ins. Co. v Cordero,* 22 AD3d 815 [2005]; *Wilson v Buffa,* 294

AD2d 357 [2002]; *cf. Howe v Flatbush Presbyt. Church,* 48 AD3d 419 [2008]). In response, the plaintiff failed to show the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d at 324).

The Supreme Court properly denied the plaintiff's motion to strike the answer of the Lee defendants (*see* CPLR 3126; *Thomas v McGuire Serv. Corp.,* 251 AD2d 148 [1998]).

Contrary to the plaintiff's contention, the liquidated damages clause in the agreement entered into by Howard Glazer and the Werner defendants is applicable to the circumstances of this case (*see generally Zeer v Azulay,* 50 AD3d 781 [2008]). Consequently, the court properly limited any damages that may be recovered by the estate of Howard Glazer to the sum of $2,500.

The plaintiff's remaining contention is without merit. Lifson, J.P., Florio, Angiolillo and Chambers, JJ., concur.