■ VICKY BJORKE et al., Appellants-Respondents, v IRA RUBENSTEIN et al., Defendants, JOSEPH YACOVONE et al., Respondents-Appellants, and JENNIFER WILKEN et al., Respondents. [861 NYS2d 757]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered January 3, 2007, as granted the motion of the defendant Jennifer Wilken, and the separate motion of the defendants Howard Karpoff and Orange Surgical Group, M.D., P.C., which were for summary judgment dismissing the complaint insofar as asserted against them, and the defendants Joseph Yacovone, Julie L. Barudin, and Horton Medical Center cross-appeal, as limited by their brief, from so much of the same order as denied their separate motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the plaintiffs to the defendants Jennifer Wilken, Howard Karpoff, and Orange Surgical Group, M.D., P.C., and one bill of costs payable by the defendants Joseph Yacovone, Julie L. Barudin, and Horton Medical Center to the plaintiffs.

"In a medical malpractice action, the party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by showing the absence of a triable issue of fact as to whether the defendant physician was negligent" (*Taylor v Nyack Hosp.,* 18 AD3d 537, 538 [2005]). "If the defendant makes its prima facie showing, then the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact by submitting an expert's affidavit attesting to a departure from accepted practice and containing an opinion

that the defendant's acts or omissions were a competent producing cause of the injury" (*Vera v Soohoo*, 41 AD3d 586, 587 [2007]).

The defendants Jennifer Wilken, Howard Karpoff, and Orange Surgical Group, M.D., P.C. (hereinafter Orange), made a prima facie showing of their entitlement to judgment as a matter of law by demonstrating that they did not depart from the accepted standards of care (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Taylor v Nyack Hosp.*, 18 AD3d 537 [2005]). In opposition, the plaintiffs relied on affirmations of a radiologist which were of no probative value, because the expert failed to lay the requisite foundation for his or her asserted familiarity with the applicable standards of care in pathology or surgery (*see Mustello v Berg*, 44 AD3d 1018 [2007]; *Behar v Coren*, 21 AD3d 1045, 1046 [2005]). Accordingly, there being no triable issue of fact, the Supreme Court properly granted summary judgment dismissing the complaint insofar as asserted against the defendants Jennifer Wilken, Howard Karpoff, and Orange.

Furthermore, the Supreme Court properly denied summary judgment dismissing the complaint insofar as asserted against the defendants Joseph Yacovone, Julie L. Barudin, and Horton Medical Center. In opposition to the prima facie showing of entitlement to judgment as a matter of law, the plaintiffs raised a triable issue of fact through affirmations from their medical expert as to whether doctors Yacovone and Barudin failed to adequately interpret mammogram films so as to delay the detection of breast cancer (*see Feinberg v Feit*, 23 AD3d 517 [2005]; *Donnelly v Finkel*, 226 AD2d 672 [1996]). Where, as here, the parties adduce conflicting medical expert opinions, summary judgment is not appropriate, as such credibility issues can only be resolved by a jury (*see Feinberg v Feit*, 23 AD3d 517 [2005]; *Shields v Baktidy*, 11 AD3d 671 [2004]).

The remaining contentions raised on the cross appeal are either unpreserved for appellate review or without merit. Fisher, J.P., Carni, McCarthy and Belen, JJ., concur.