Hunter Shectman et al., Respondents, v Stephen Wilson et al., Appellants. [890 NYS2d 117]—

On a motion for summary judgment dismissing the complaint in a medical malpractice action, a defendant physician has the burden of establishing the absence of any departure from good and accepted medical practice, or, if there was a departure, that the plaintiff was not injured thereby (*see Murray v Hirsch,* 58 AD3d 701 [2009]; *Shahid v New York City Health & Hosps. Corp.,* 47 AD3d 800, 801 [2008]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). In opposition, a plaintiff must submit the affidavit of a physician attesting to a departure from good and accepted practice, and stating the physician's opinion that the alleged departure was a competent producing cause of the plaintiff's injuries (*see Swezey v Montague Rehab & Pain Mgt., P.C.,* 59 AD3d 431, 433 [2009]; *Murray v Hirsch,* 58 AD3d at 701; *Shahid v New York City Health & Hosps. Corp.,* 47 AD3d at 801). A plaintiff cannot rebut a defendant physician's showing that he or she was not negligent and defeat a motion for summary judgment by offering an expert's affidavit containing general allegations of medical malpractice which are conclusory in nature and unsupported by competent evidence tending to establish the elements of medical malpractice (*see Alvarez v Prospect Hosp.,* 68 NY2d at 324-325; *Shahid v New York City Health & Hosps. Corp.,* 47 AD3d at 801).

Here, the defendant physicians established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that their care and treatment of the plaintiffs did not depart from good and accepted medical practices. In opposition, the plaintiffs came forward with the affidavit of a physician, specializing in the fields of obstetrics and gynecology, who contested the opinions of the defendants' respective experts concerning the proximate cause of the infant plaintiff's developmental disabilities. The affidavit of the plaintiffs' expert did not mention whether the physician had any specific training or expertise in pediatrics, psychiatry, or particularized knowledge as to the relevant disabilities of the infant plaintiff. Moreover, the affidavit did not indicate that the physician had familiarized himself with the relevant literature or otherwise set forth how he was, or became, familiar with the applicable standards of care in this specialized area of practice. " 'While it is true that a medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field . . . the witness nonetheless should be possessed of the requisite skill, training, education, knowledge or

experience from which it can be assumed that the opinion rendered is reliable' " (*Behar v Coren,* 21 AD3d 1045, 1046-1047 [2005], quoting *Postlethwaite v United Health Servs. Hosps.,* 5 AD3d 892, 895 [2004]). Thus, where a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered (*see Geffner v North Shore Univ. Hosp.,* 57 AD3d 839, 841 [2008]; *Bjorke v Rubenstein,* 53 AD3d 519, 520 [2008]; *Glazer v Choong-Hee Lee,* 51 AD3d 970, 971 [2008]; *Mustello v Berg,* 44 AD3d 1018, 1019 [2007]; *Behar v Coren,* 21 AD3d at 1046-1047; *Nangano v Mount Sinai Hosp.,* 305 AD2d 473, 474 [2003]). In the circumstances of this case, as the plaintiffs' expert failed to lay the requisite foundation for his asserted familiarity with pediatric developmental disabilities, his affidavit was of no probative value. Accordingly, the plaintiffs failed to raise a triable issue of fact, and the Supreme Court improperly denied that branch of Wilson's motion which was for summary judgment dismissing the complaint insofar as asserted against him and Duncan's motion for summary judgment dismissing the complaint insofar as asserted against her.

Pursuant to CPLR 3212 (f), the trial court has discretion to deny a motion for summary judgment, or to order a continuance to permit affidavits to be obtained or disclosure to be had, if "facts essential to justify opposition may exist but cannot then be stated." For the court to delay action on the motion, the party seeking the delay must "put forth some evidentiary basis to suggest that discovery might lead to relevant evidence" (*Trombetta v Cathone,* 59 AD3d 526, 527 [2009]; *see Canarick v Cicarelli,* 46 AD3d 587, 588 [2007]; *Kimyagarov v Nixon Taxi Corp.,* 45 AD3d 736, 737 [2007]; *Ruttura & Sons Constr. Co. v Petrocelli Constr.,* 257 AD2d 614, 615 [1999]). The "mere hope" that more discovery would uncover the existence of a material fact issue is insufficient to delay a summary judgment determination (*Giraldo v Morrisey,* 63 AD3d 784, 785 [2009]; *see Mazzaferro v Barterama Corp.,* 218 AD2d 643 [1995]; *Gateway State Bank v Shangri-La Private Club for Women,* 113 AD2d 791, 792 [1985], *affd* 67 NY2d 627 [1986]). Since the plaintiffs failed to demonstrate that further discovery would lead to relevant evidence, the Supreme Court improvidently exercised its discretion in denying the motion of the defendant Long Island Jewish Medical Center for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.P., Dickerson, Belen and Roman, JJ., concur.