In an action to recover damages for medical malpractice and lack of informed consent, the defendants Lenox Hill Radiology and Medical Imaging Associates, EC., and Thomas M. Kolb appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated November 17, 2011, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Lenox Hill Radiology and Medical Imaging Associates, EC., and Thomas M. Kolb for summary judgment dismissing the complaint insofar as asserted against them is granted.
On September 11, 2006, the plaintiff was involved in a car accident that resulted in pain in her left shoulder. In November 2006 she underwent an MRI on her shoulder at the defendant Lenox Hill Radiology and Medical Imaging Associates, EC. (hereinafter Lenox Hill). Her MRI films were reviewed by the defendant Thomas M. Kolb, a radiologist employed by Lenox Hill (hereinafter together the Lenox Hill defendants). Kolb’s MRI report stated that the plaintiff had, inter alia, a partial rotator cuff tear. The report did not state that the MRI showed any irregularity in the plaintiff’s acromion. In December 2007, the plaintiff underwent a surgical procedure to address her shoulder problems, but the surgery proved unsuccessful. After the surgery, the surgeon told the plaintiff that during the operation he had discovered and repaired a fracture in her acromion. In 2009, the plaintiff commenced this action against, among others, the Lenox Hill defendants, alleging medical malpractice and lack of informed consent.
The plaintiffs original bill of particulars alleged that Kolb missed an acromion fracture when he interpreted her MRI films. Kolb later testified during his deposition that the plaintiff’s MRI films did not show that she had an acromion fracture, but rather that she had an “os acromiale,” which he stated was a normal anatomic variant. The plaintiff then amended her bill of particulars to include an allegation that the Lenox Hill defend *582 ants engaged in medical malpractice when Kolb failed to document her os acromiale in his MRI report.
The Lenox Hill defendants moved for summary judgment dismissing the complaint insofar as asserted against them. Their experts, a radiologist and an orthopedist, opined that the plaintiff had an os acromiale, not an acromion fracture, that Kolb did not deviate from the applicable standard of care by not noting the os acromiale in his MRI report, and that, in any event, the Lenox Hill defendants did not proximately cause the plaintiff’s injuries. In opposition, the plaintiff submitted the redacted affirmation of an out-of-state orthopedic surgeon who opined that Kolb departed from good and accepted medical practice when he failed to note in his MRI report that the plaintiff had an os acromiale. The Supreme Court denied the motion in its entirety.
Initially, contrary to the Lenox Hill defendants’ contention, under the circumstances of this case, we may consider the affirmation of the plaintiff’s expert, which was notarized in Pennsylvania, even though it lacked a certificate of conformity (see CPLR 2309 [c]; Matter of Recovery of Judgment, LLC v Warren, 91 AD3d 656, 657 [2012]; Betz v Daniel Conti, Inc., 69 AD3d 545 [2010]; Smith v Allstate Ins. Co., 38 AD3d 522, 523 [2007]; see also CPLR 2001).
“The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted practice and evidence that such departure was a proximate cause of injury or damage” (Ramsay v Good Samaritan Hosp., 24 AD3d 645, 646 [2005]). Here, the Lenox Hill defendants made a prima facie showing that there was no departure from accepted practice, and that in any event, their actions or inactions did not proximately cause the plaintiffs injuries (see Shectman v Wilson, 68 AD3d 848, 849-850 [2009]). The plaintiff failed to raise a triable issue of fact in opposition. Where, as here, “a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered,” and the plaintiffs expert failed to lay the requisite foundation (id. at 850; see Bjorke v Rubenstein, 53 AD3d 519, 520 [2008]; Glazer v Choong-Hee Lee, 51 AD3d 970, 971 [2008]; Mustello v Berg, 44 AD3d 1018, 1018-1019 [2007]; cf. Texter v Middletown Dialysis Ctr., Inc., 22 AD3d 831 [2005]). Moreover, even assuming that the Lenox Hill defendants did depart from accepted practice, the plaintiffs expert’s assertion that this departure proximately caused the plaintiffs injuries is purely speculative, and thus insufficient to defeat summary judgment (see Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]; Forrest *583 v Tierney, 91 AD3d 707, 709 [2012]; Ramsay v Good Samaritan Hosp., 24 AD3d at 647). Accordingly, the Lenox Hill defendants were entitled to summary judgment dismissing the medical malpractice cause of action insofar as asserted against them.
Finally, the Lenox Hill defendants were entitled to summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against them (see Public Health Law § 2805-d [2]; Deutsch v Chaglassian, 71 AD3d 718, 719-720 [2010]; Sample v Levada, 8 AD3d 465, 467 [2004]). Dillon, J.E, Balkin, Austin and Cohen, JJ., concur.