■ Yosif Tsimbler, Appellant, v Millie R. Fell, M.D., et al., Respondents, et al., Defendant. [999 NYS2d 863]—

In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated December 20, 2013, which granted that branch of the motion of the defendants Millie R. Fell and Raymond Reich which was for summary judgment dismissing the complaint insofar as asserted against them, and denied his cross motion to dismiss their affirmative defense alleging that the action was time-barred.

Ordered that the order is affirmed, with costs.

The defendants Millie R. Fell and Raymond Reich (hereinafter together the physician defendants) established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice by submitting the affidavit of their expert, which demonstrated that their diagnosis and treatment of the plaintiff's open-angle glaucoma was in accordance with good and accepted standards of medical practice (*see Poter v Adams*, 104 AD3d 925, 926 [2013]; *Olgun v Cipolla*, 82 AD3d 1186, 1187 [2011]; *Smith-Johnson v Gabbur*, 65 AD3d 1122, 1124 [2009]; *Dandrea v Hertz*, 23 AD3d 332 [2005]). In opposition, the plaintiff submitted the affidavit of a physician specializing in the field of internal medicine, which did not state whether the physician had any specific training or expertise in ophthalmology, or particularized knowledge as to the treatment of glaucoma. Moreover, the affidavit did not indicate that the physician had familiarized himself with the relevant literature or otherwise set forth how he was, or became, familiar with the applicable standards of care in this specialized area of practice. " 'While it is true that a medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field . . . the witness nonetheless should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable' " (*Behar v Coren*, 21 AD3d 1045, 1046-1047 [2005], quoting *Postlethwaite v United Health Servs. Hosps.*, 5 AD3d 892, 895 [2004]; *see Shectman v Wilson*, 68 AD3d 848, 849 [2009]). Thus, where a physician opines outside of his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered (*see*

*Shectman v Wilson*, 68 AD3d at 850; *Geffner v North Shore Univ. Hosp.*, 57 AD3d 839 [2008]; *Bjorke v Rubenstein*, 53 AD3d 519, 520 [2008]; *Glazer v Choong-Hee Lee*, 51 AD3d 970, 971 [2008]; *Mustello v Berg*, 44 AD3d 1018, 1019 [2007]; *Behar v Coren*, 21 AD3d at 1046-1047). Under the circumstances of this case, the plaintiff's expert failed to lay the requisite foundation for his asserted familiarity with ophthalmology and, thus, his affidavit was of no probative value. Accordingly, the plaintiff failed to raise a triable issue of fact, and the Supreme Court properly granted that branch of the physician defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them.

"[L]ack of informed consent is a distinct cause of action requiring proof of facts not contemplated by an action based merely on allegations of negligence" (*Jolly v Russell*, 203 AD2d 527, 528 [1994]). A cause of action premised on a lack of informed consent "is meant to redress a 'failure of the person providing the professional treatment or diagnosis to disclose to the patient such alternatives thereto and the reasonably foreseeable risks and benefits involved as a reasonable medical . . . practitioner under similar circumstances would have disclosed, in a manner permitting the patient to make a knowledgeable evaluation' " (*Karlin v IVF Am.*, 93 NY2d 282, 292 [1999], quoting Public Health Law § 2805-d [1]). Thus, to establish a cause of action to recover damages for malpractice based on lack of informed consent, a plaintiff must prove "(1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (*Spano v Bertocci*, 299 AD2d 335, 337-338 [2002] [citation and internal quotation marks omitted]; *see Khosrova v Westermann*, 109 AD3d 965, 966 [2013]).

Here, the physician defendants failed to submit proof sufficient to establish, prima facie, that they had informed the plaintiff of the reasonably foreseeable risks associated with the treatment, and, in any event, that a reasonably prudent patient in the same position would have undergone the treatment if he or she had been fully informed. However, the physician defendants established, prima facie, that the lack of informed consent

was not the proximate cause of the plaintiff's injury by submitting the affidavit of their expert, who opined that the physician defendants' treatment of the plaintiff was not responsible for his injuries. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the physician defendants' motion which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against them.

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Roman, Sgroi and Maltese, JJ., concur.