■ EVELYN MARTINEZ, Respondent, v ANDREA QUINTANA, D.O., et al., Defendants, and SENGHAO FONG, M.D., et al., Appellants. [29 NYS3d 529]—

In an action to recover damages for medical malpractice, the

defendants Senghao Fong and Nassau-Suffolk Radiological Associates appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated July 24, 2014, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Senghao Fong and Nassau-Suffolk Radiological Associates for summary judgment dismissing the complaint insofar as asserted against them is granted.

The Supreme Court erred in denying the motion of the defendants Senghao Fong and Nassau-Suffolk Radiological Associates (hereinafter together the appellants) for summary judgment dismissing the complaint insofar as asserted against them. This medical malpractice action is based upon the allegation that a delay in diagnosing a nondisplaced fracture of one of the plaintiff's fingers resulted in, among other things, deformity and arthritis. The appellants established their prima facie entitlement to judgment as a matter of law by presenting expert medical proof that the plaintiff's injuries were not caused by Fong's alleged failure to diagnose the fracture (see Rivers v Birnbaum, 102 AD3d 26, 43 [2012]; Muniz v Mount Sinai Hosp. of Queens, 91 AD3d 612, 616 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact with the affidavit of her expert, Dr. Robert Tantleff, a board-certified radiologist. Dr. Tantleff opined, based on his review of the X rays and reports, that Fong failed to diagnose the plaintiff's nondisplaced fracture, that such failure was a deviation from good and accepted radiological practice, and that this deviation proximately caused the plaintiff's injuries. While Dr. Tantleff was qualified to express an opinion that Fong's failure to diagnose the plaintiff's nondisplaced fracture was a deviation from good and accepted radiological practice, he established no foundation for his opinion with regard to the proximate cause of the plaintiff's alleged injuries, which were orthopedic in nature (see Shectman v Wilson, 68 AD3d 848 [2009]; Mustello v Berg, 44 AD3d 1018 [2007]).

This Court's recent opinion in Bongiovanni v Cavagnuolo (138 AD3d 12 [2d Dept 2016]) does not change the result. In that case, the defendant's experts, a board-certified orthopedic surgeon and a board-certified radiologist, opined that the plaintiff's injuries were pre-existing and degenerative, and not proximately caused by the plaintiff's chiropractic treatments. While neither physician indicated any familiarity with the standards of chiropractic practice, their opinions were based

upon matters within their respective specialties and were therefore admissible on the issue of proximate cause (*see Bongiovanni v Cavagnuolo*, 138 AD3d 12 [2d Dept 2016]).

Here, Dr. Tantleff's opinion as to proximate cause was related to the specialty of orthopedics, but Dr. Tantleff failed to state any basis on which he could be found competent to opine in that area. Therefore he was not qualified to render an opinion that Fong's failure to diagnose the plaintiff's nondisplaced fracture proximately caused the alleged orthopedic injuries (*see Bongiovanni v Cavagnuolo*, 138 AD3d 12 [2d Dept 2016]; *Shectman v Wilson*, 68 AD3d 848 [2009]; *Mustello v Berg*, 44 AD3d 1018 [2007]). Moreover, his assertion was speculative, as he cited to no record evidence to support his opinion that the plaintiff's alleged injuries were due to the undiagnosed fracture (*see Bey v Neuman*, 100 AD3d 581 [2012]; *Merritt v Saratoga Hosp.*, 298 AD2d 802, 804-805 [2002]). Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.