In an action to recover damages for medical malpractice, lack of informed consent, and wrongful death, (1) the defendants Clifford B. Soults and Adirondack Neurosurgical Specialists, P.C., appeal from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated March 19, 2014, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, (2) the defendants Sushma Kaul and Pulmonary Critical Care Associates, LLP, also known as Pulmonary & Critical Care Associates, separately appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and (3) the defendants Roger P. Bowers, Louis J. Talarico, Raphael J. Alcuri, Mohawk Valley Imaging P.C., and St. Elizabeth Medical Center, also known as St. Elizabeth Hospital, separately appeal, as limited by their brief, from so much of the same order as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Roger P. Bowers, Louis J. Talarico, Raphael J. Alcuri, and Mohawk Valley Imaging, PC., and dismissing the cause of action alleging lack of informed consent insofar as asserted against the de *1088 fendant St. Elizabeth Medical Center, also known as St. Elizabeth Hospital.
Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants Clifford B. Soults and Adirondack Neurosurgical Specialists, P.C., which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against them and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof denying the motion of the defendants Sushma Kaul and Pulmonary Critical Care Associates, LLP, also known as Pulmonary & Critical Care Associates, for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor a provision granting the motion, and (3) by deleting the provision thereof denying those branches of the motion of the defendants Roger P. Bowers, Louis J. Talarico, Raphael J. Alcuri, Mohawk Valley Imaging, PC., and St. Elizabeth Medical Center, also known as St. Elizabeth Hospital, which were for summary judgment dismissing the complaint insofar as asserted against the defendants Roger P. Bowers, Louis J. Talarico, Raphael J. Alcuri, and Mohawk Valley Imaging, P.C., and dismissing the cause of action alleging lack of informed consent insofar as asserted against the defendant St. Elizabeth Medical Center, also known as St. Elizabeth Hospital, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiffs to the defendants Roger P. Bowers, Louis J. Talarico, Raphael J. Alcuti, Mohawk Valley Imaging, PC., and St. Elizabeth Medical Center, also known as St. Elizabeth Hospital, and to the defendants Sushma Kaul and Pulmonary Critical Care Associates, LLP, also known as Pulmonary & Critical Care Associates, appearing separately and filing separate briefs.
On the evening of July 21, 2007, the plaintiff’s decedent was admitted to the Emergency Department of the defendant St. Elizabeth Medical Center, also known as St. Elizabeth Hospital (hereinafter the Hospital), with head trauma following an ATV accident. The defendant Clifford B. Soults, a neurosurgeon who was on call that night, examined the decedent and reviewed his CT scan. Soults determined that although the decedent had sustained a traumatic brain injury, surgical intervention was not required at that point. The next day, the defendant physician Sushma Kaul saw the decedent for a pulmonary consultation to advise about ventilator settings and eventually weaning *1089 the decedent off the ventilator. Soults ordered observation in the intensive care unit (hereinafter the ICU) and CT scans over the next several days. After July 24, 2007, Soults did not order any additional CT scans based on his determination that the decedent’s neurological condition had stabilized. On July 27, 2007, the decedent was extubated, taken off the ventilator, and moved out of the ICU. On July 28, 2007, the decedent’s condition deteriorated and he lost consciousness. The decedent was returned to the ICU, reintubated, and put on a ventilator. An emergency CT scan was performed, which showed increased diffuse cerebral edema that was impacting his brain stem. The decedent’s intracranial pressure became uncontrollable, and he died at the Hospital on July 30, 2007.
Thereafter, the plaintiff, the decedent’s father and the administrator of the decedent’s estate, commenced this action individually and on the decedent’s behalf against, among others, the Hospital, Soults, and Kaul, as well as radiologists Roger R Bowers, Louis J. Talarico, and Raphael J. Alcuri, and their practice Mohawk Valley Imaging, P.C. (hereinafter collectively the radiologists), to recover damages for medical malpractice, lack of informed consent, and wrongful death. After joinder of issue and discovery, Soults and the defendant Adirondack Neurosurgical Specialists, P.C. (hereinafter together the Soults defendants), moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, Kaul and the defendant Pulmonary Critical Care Associates, LLP, also known as Pulmonary & Critical Care Associates (hereinafter together the Kaul defendants), moved for summary judgment dismissing the complaint insofar as asserted against them, and the Hospital and the radiologists moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied all of the motions. We modify.
“In a medical malpractice action, a defendant physician moving for summary judgment must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiff’s injuries. Once this showing has been made, a plaintiff, in opposition, need only demonstrate the existence of a triable issue of fact as to those elements on which the defendant met the prima facie burden” (DeGiorgio v Racanelli, 136 AD3d 734, 737 [2016] [internal quotation marks and citation omitted]).
Here, the Soults defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted *1090 against them. In opposition, however, the plaintiff raised triable issues of fact as to whether Soults departed from good and accepted medical practice through the submission of an expert affidavit of a neurosurgeon (see id.). The plaintiff’s expert opined that the CT scans showed that the decedent’s condition was worsening, not stabilizing; that it was a departure from the standard of care to discontinue the CT scans and transfer the decedent out of the ICU; and that if Soults had continued CT scans, he would have seen the worsening condition and could have used methods to manage the swelling. The expert further opined that, if required, Soults could have surgically removed the dead contused tissue that was causing the intracranial pressure, which could have saved the decedent’s life. Thus, the plaintiff’s expert affidavit was sufficient to raise triable issues of fact, and the Supreme Court properly denied that branch of the Soults defendants’ motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them.
However, the Supreme Court should have granted that branch of the Soults defendants’ motion which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against them and that branch of the motion of the Hospital and the radiologists which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against the Hospital (see Martin v Hudson Val. Assoc., 13 AD3d 419 [2004]; Pedone v Thippeswamy, 309 AD2d 792, 793 [2003]; see also Senatore v Epstein, 128 AD3d 794, 795 [2015]).
The Supreme Court also should have granted that branch of the motion of the Hospital and the radiologists which was for summary judgment dismissing the complaint insofar as asserted against the radiologists. These defendants established their prima facie entitlement to judgment as a matter of law on this branch of their motion through, inter alia, the submission of their expert affidavit and the deposition testimony of Soults. Soults unequivocally testified that he did not look at the radiologists’ reports and interpreted the CT scans himself. Thus, the radiologists established that any departures in their interpretation of the CT scans were not a proximate cause of the claimed injuries (see Elkin v Goodman, 24 AD3d 717, 719 [2005]; see also Mosezhnik v Berenstein, 33 AD3d 895, 896-898 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact.
The Kaul defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint *1091 insofar as asserted against them by submitting the expert affirmation of a pulmonologist, Alan S. Multz. Multz opined, inter alia, that Kaul’s pulmonary evaluation and management of the decedent was appropriate and within good and accepted medical practice at all times; the decedent was properly extubated on July 27, 2007, because, from a pulmonary standpoint, he had been stable for five days; and the decedent’s change in status on July 28, 2007, was not due to pulmonary issues or the fact that he had been extubated, because he remained stable, from a pulmonary standpoint, when he was reintubated. Contrary to the Supreme Court’s conclusion, the plaintiff failed to raise a triable issue of fact in opposition. The plaintiff’s expert was a neurosurgeon, not a pulmonologist, and the plaintiff’s expert did not lay a foundation tending to support the reliability of the opinion rendered outside the expert’s area of specialization (see Bongiovanni v Cavagnuolo, 138 AD3d 12 [2016]; Lavi v NYU Hosps. Ctr., 133 AD3d 830, 832 [2015]; Shectman v Wilson, 68 AD3d 848, 849-850 [2009]; Behar v Coren, 21 AD3d 1045, 1046-1047 [2005]). Moreover, the plaintiff’s expert did not opine that Kaul departed from accepted standards of medical care in deferring to the neurosurgeon’s “green light” to transfer the decedent out of the ICU and take him off of the ventilator. Further, the plaintiff’s expert did not refute Multz’s opinion that the decedent was stable from a pulmonary standpoint when he was extubated and taken off the ventilator to be transferred out of the ICU, and that all pulmonary care rendered by Kaul was within acceptable standards of care (see Hamilton v Good Samaritan Hosp. of Suffern, N.Y., 73 AD3d 697, 698-699 [2010]; Wasserman v Staten Is. Radiological Assoc., 2 AD3d 713, 714 [2003]). Accordingly, the Supreme Court should have granted the Kaul defendants’ motion for summary judgment dismissing the complaint insofar as asserted against them.
Hall, J.P., Cohen, LaSalle and Connolly, JJ., concur.