Korszun v Winthrop Univ. Hosp. (2019 NY Slip Op 04151)





Korszun v Winthrop Univ. Hosp.


2019 NY Slip Op 04151


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2017-00499
 (Index No. 20872/06)

[*1]Grazyna Korszun, etc., et al., appellants, 
v
Winthrop University Hospital, respondent.


Law Offices of Dennis J. Kelly, P.C., Glen Head, NY, for appellant.
Heidell Pittoni Murphy & Bach, LLP, White Plains, NY (Daniel S. Ratner and Daryl Paxson of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), dated November 15, 2016. The order granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging medical malpractice.
ORDERED that the order is affirmed, with costs.
On October 22, 2005, Jozef Korszun (hereinafter the decedent), a 69-year-old man who suffered from several health issues, was brought to the defendant Winthrop University Hospital (hereinafter WUH) in an unresponsive condition after having gone into cardiopulmonary arrest. The decedent was admitted to WUH and remained in a persistent vegetative state throughout his stay. During his hospitalization, the decedent developed decubitus ulcers. The decedent was discharged from WUH on January 12, 2006, when he was transferred to a rehabilitation and nursing care center. The decedent died on January 14, 2007, due to cardiopulmonary arrest.
Prior to the decedent's death, in December 2006, the plaintiffs commenced this action, inter alia, to recover damages for medical malpractice. As amplified by their bill of particulars, the plaintiffs alleged, among other things, that the decedent sustained decubitus ulcers during his hospitalization at WUH as a result of the negligent care provided by WUH's employees. Thereafter, WUH moved for summary judgment dismissing, inter alia, the cause of action alleging medical malpractice. In support of its motion, WUH submitted, among other things, an expert affirmation from a board-certified family medicine physician who, inter alia, was subcertified in geriatric medicine, and certified in wound care by the National Alliance of Wound Care. WUH's expert opined that the decedent's injuries were proximately caused by his medical condition. In opposition, the plaintiffs submitted, among other things, an expert affirmation from a physician, whose curriculum vitae indicated that his practice was limited to family and pediatric medicine. The plaintiffs' expert opined that WUH departed from the standard of care in treating the decedent's ulcers, and that this departure proximately caused his injuries. The Supreme Court granted that branch of WUH's motion which was for summary judgment dismissing the cause of action alleging medical malpractice. The plaintiffs appeal.
" The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage'" (Lesniak v Stockholm Obstetrics & Gynecological Servs., [*2]P.C., 132 AD3d 959, 960, quoting Geffner v North Shore Univ. Hosp., 57 AD3d 839, 842; see Noble v Kingsbrook Jewish Med. Ctr., 168 AD3d 1077). "To prevail on a motion for summary judgment in a medical malpractice action, a defendant must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries'" (Noble v Kingsbrook Jewish Med. Ctr., 168 AD3d at 1079, quoting Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d at 960). "If such a showing has been made, a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact'" (Noble v Kingsbrook Jewish Med. Ctr., 168 AD3d at 1079, quoting Deutsch v Chaglassian, 71 AD3d 718, 719).
Here, WUH established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice through its expert physician's affirmation, wherein he opined with a reasonable degree of medical certainty that the decedent's decubitus ulcers were unavoidable due to the decedent's condition and the necessary measures taken to maintain his life (see Vargas v St. Barnabas Hosp., 168 AD3d 596, 596; Cummings v Brooklyn Hosp. Ctr., 147 AD3d 902, 903; Novick v South Nassau Communities Hosp., 136 AD3d 999, 1001). In opposition to WUH's prima facie showing, the plaintiffs failed to raise a triable issue of fact. The expert affirmation proffered by the plaintiffs failed to lay the requisite foundation for the expert's asserted familiarity with the applicable standards of care in the fields of geriatric medicine and wound care (see Galluccio v Grossman, 161 AD3d 1049, 1052; Mustello v Berg, 44 AD3d 1018, 1018-1019; Behar v Coren, 21 AD3d 1045, 1046-1047).
The parties' remaining contentions either are improperly raised for the first time on appeal or need not be reach in light of our determination.
Accordingly, we agree with the Supreme Court's determination to grant that branch of WUH's motion which was for summary judgment dismissing the cause of action alleging medical malpractice.
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court