Boltyansky v New York Community Hosp. (2019 NY Slip Op 06738)





Boltyansky v New York Community Hosp.


2019 NY Slip Op 06738


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-00954
 (Index No. 503747/12)

[*1]Kolman Boltyansky, etc., appellant,
v
New York Community Hospital, respondent.


Law Office of Yuriy Prakhin, P.C., Brooklyn, NY, for appellant.
Bréa Yankowitz P.C., Floral Park, NY (Arthur I. Yankowitz and Patrick J. Bréa of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated November 15, 2017. The order granted the defendant's motion for summary judgment dismissing the cause of action alleging medical malpractice.
ORDERED that the order is affirmed, with costs.
In February 2012, Pesya Boltankaya, who was 87 years old, presented to the emergency room of the defendant, New York Community Hospital, with an infection of the right foot. Boltankaya was assessed as being at risk for falls and was placed on fall prevention protocol. The next day, Boltankaya fell from her hospital bed and suffered a fractured hip, requiring surgery. Boltankaya subsequently commenced this action, inter alia, to recover damages for medical malpractice. During the pendency of the action, Boltankaya died, and her son, as administrator of her estate, was substituted as the plaintiff. Following discovery, the defendant moved for summary judgment dismissing the medical malpractice cause of action. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
"A defendant seeking summary judgment in a medical malpractice action bears the initial burden of establishing, prima facie, either that there was no departure from the applicable standard of care, or that any alleged departure did not proximately cause the plaintiff's injuries. In opposition, the plaintiff must demonstrate the existence of a triable issue of fact as to the elements with respect to which the defendant has met its initial burden" (Michel v Long Is. Jewish Med. Ctr., 125 AD3d 945, 945-946; see Alvarez v Prospect Hosp., 68 NY2d 320, 324; DiLorenzo v Zaso, 148 AD3d 1111, 1112; Cham v St. Mary's Hosp. of Brooklyn, 72 AD3d 1003, 1004). Here, the defendant met its prima facie burden by submitting an affirmation of a physician specializing in internal medicine and geriatric medicine, who opined that the fall prevention measures initiated by the defendant were in accordance with the standard of care and that, in any event, the alleged malpractice did not cause Boltankaya's injuries.
In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's purported expert—a registered nurse, licensed family nurse practitioner, and legal nurse [*2]consultant with a Ph.D.—was insufficient to raise a triable issue of fact. The nurse was not a medical doctor and lacked the qualifications to render a medical opinion as to the relevant standard of care, and whether the defendant deviated from such standard (see Novick v South Nassau Communities Hosp., 136 AD3d 999, 1001; Collymore v Montefiore Med. Ctr., 39 AD3d 237, 237; Glasgow v Chou, 33 AD3d 959, 962; Elliot v Long Is. Home, Ltd., 12 AD3d 481, 482; Mills v Moriarty, 302 AD2d 436, 436), as well as to whether any deviation was a proximate cause of the injuries (cf. Simpson v Edghill, 169 AD3d 737, 738-739; Martinez v Quintana, 138 AD3d 791, 793). Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the medical malpractice cause of action.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court