Roizman v Stromer (2020 NY Slip Op 04196)





Roizman v Stromer


2020 NY Slip Op 04196


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2017-04228
 (Index No. 17829/10)

[*1]Lila Roizman, etc., et al., appellants,
v
Saul R. Stromer, et al., respondents.


Goldstein & Goldstein, P.C., Brooklyn, NY (Arnold J. Goldstein and Cindy A. Moonsammy of counsel), for appellants.
Peter C. Kopff, LLC (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling, Katherine Herr Solomon, and Jerika H. Morris of counsel), for respondents Saul R. Stromer and Saul R. Stromer, M.D., P.C.
Martin Clearwater & Bell LLP, New York, NY (Jean M. Post and Sean F.X. Dugan of counsel), for respondents Nidia De Jesus, Nidia De Jesus, M.D., P.C., Esperanza Naves-Ruiz, Esperanza Naves-Ruiz, M.D., P.C., Lenox Hill Hospital Department of Anesthesiology, and Lenox Hill Hospital.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Gloria M. Dabiri, J.), dated December 30, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendants Saul R. Stromer and Saul R. Stromer, M.D., P.C., which was for summary judgment dismissing the complaint insofar as asserted against the defendant Saul R. Stromer and the separate motion of the defendants Nidia De Jesus, Nidia De Jesus, M.D., P.C., Esperanza Naves-Ruiz, Esperanza Naves-Ruiz, M.D., P.C., Lenox Hill Hospital Department of Anesthesiology, and Lenox Hill Hospital, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendants Nidia De Jesus, Nidia De Jesus, M.D., P.C., Esperanza Naves-Ruiz, Esperanza Naves-Ruiz, M.D., P.C., Lenox Hill Hospital Department of Anesthesiology, and Lenox Hill Hospital which was for summary judgment dismissing the complaint insofar as asserted against Esperanza Naves-Ruiz, Esperanza Naves-Ruiz, M.D., P.C., Lenox Hill Hospital Department of Anesthesiology, and Lenox Hill Hospital, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof granting that branch of the motion of the defendants Nidia De Jesus, Nidia De Jesus, M.D., P.C., Esperanza Naves-Ruiz, Esperanza Naves-Ruiz, M.D., P.C., Lenox Hill Hospital Department of Anesthesiology, and Lenox Hill Hospital which was for summary judgment dismissing so much of the causes of action to recover damages for medical malpractice and negligence as are predicated upon acts other than the administration of an epidural and anesthesia to the plaintiff Lila Roizman, insofar as asserted against the defendants Nidia De Jesus and Nidia De Jesus, M.D., P.C., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs payable by the defendants Nidia De Jesus, Nidia De Jesus, M.D., P.C., Esperanza Naves-Ruiz, Esperanza Naves-Ruiz, M.D., [*2]P.C., Lenox Hill Hospital Department of Anesthesiology, and Lenox Hill Hospital, and one bill of costs to the defendants Saul R. Stromer and Saul R. Stromer, M.D., P.C., payable by the plaintiffs.
The plaintiffs commenced this action to recover damages for injuries the plaintiff Lila Roizman and her infant daughter allegedly sustained during labor and delivery, and also during their respective postpartum and neonatal care. The plaintiffs' amended complaint asserts causes of action against the defendants to recover damages for medical malpractice, negligence, lack of informed consent, and loss of consortium.
After the completion of discovery, the defendants Saul R. Stromer and Saul R. Stromer, M.D., P.C. (hereinafter together the Stromer defendants), moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against Stromer, relying upon, among other evidence, the expert affidavit of Gary Mucciolo, who opined that Stromer did not depart from accepted standards of care in his treatment of Roizman, and that the treatment Stromer provided was not the cause of the injuries alleged by the plaintiffs. In opposition, the plaintiffs submitted the affirmation of an expert, who opined, among other things, that Stromer deviated from the accepted standard of care by inducing labor at 39 weeks gestation without an indication of medical necessity.
The defendants Nidia De Jesus, Nidia De Jesus, M.D., P.C., Esperanza Naves-Ruiz, Esperanza Naves-Ruiz, M.D., P.C., Lenox Hill Hospital Department of Anesthesiology, and Lenox Hill Hospital (hereinafter collectively the hospital defendants) separately moved for summary judgment dismissing the complaint insofar as asserted against them. In support of their motion, the hospital defendants submitted, inter alia, deposition testimony and an expert affirmation from a physician who was board-certified in the areas of obstetrics and gynecology, and who opined that none of the hospital defendants departed from the accepted standards of care or caused the injuries alleged by the plaintiffs. The hospital defendants also raised various other arguments, including that De Jesus had no involvement in Roizman's labor and delivery, including the administration of anesthesia, and therefore, could not be held liable for such acts. In opposition, the plaintiffs submitted an affirmation from an attorney, who argued solely that the hospital defendants' expert, in his affirmation, failed to lay a proper foundation to establish that his opinions in the fields of pediatrics, orthopedics, or anesthesia would be reliable, and therefore, that his opinions lacked probative value.
By order dated December 30, 2016, the Supreme Court, inter alia, granted the hospital defendants' motion in its entirety and that branch of the motion of the Stromer defendants which was for summary judgment dismissing the complaint insofar as asserted against Stromer. The court determined, among other things, that the defendants had demonstrated, prima facie, that their actions did not deviate from accepted standards of care, and that any alleged deviation was not a proximate cause of the plaintiffs' alleged injuries. The plaintiffs appeal.
A defendant moving for summary judgment in a medical malpractice action " has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby'" (McAlwee v Westchester Health Assoc., PLLC, 163 AD3d 549, 550, quoting Leavy v Merriam, 133 AD3d 636, 637). Where a defendant meets its prima facie burden as to both the departure element and the proximate cause element, "the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element" (Stukas v Streiter, 83 AD3d 18, 25; see Simpson v Edghill, 169 AD3d 737, 738; Swanson v Raju, 95 AD3d 1105, 1107).
Here, there is no basis for this Court to disturb the determination of the Supreme Court granting the motion for summary judgment dismissing the complaint insofar as asserted against Stromer. The plaintiffs' main brief on appeal failed to address the necessary element of proximate cause (see Simpson v Edghill, 169 AD3d at 738; Swanson v Raju, 95 AD3d at 1107; Stukas v Streiter, 83 AD3d at 23-24). The plaintiffs raise for the first time in their reply brief that their expert opined that Stromer's deviations from accepted community standards of practice were a substantial factor in causing injury to Roizman and the infant. Thus, the plaintiffs abandoned any argument they may have had with respect to whether Stromer's alleged departures were a proximate cause of the plaintiffs' alleged injuries (see Shaw v Bluepers Family Billiards, 94 AD3d 858, 860; [*3]Levy v Kung Sit Huie, 54 AD3d 731, 732). In light of the foregoing, the plaintiffs' arguments on appeal as to whether Stromer departed from the accepted standard of care are academic, and need not be addressed by this Court.
We disagree, however, with the Supreme Court's determination that the hospital defendants, through the submission of their expert's opinion, established, prima facie, that they did not depart from accepted standards of care in the treatment of Roizman and her infant daughter and that their action or inaction was not a proximate cause of the plaintiffs' alleged injuries. As the plaintiffs contend, the expert affirmation offered by the hospital defendants lacked probative value, because the expert, a physician who was board-certified in the fields of obstetrics and gynecology, failed to lay a foundation for the reliability of his opinions in the fields of pediatrics, orthopedics, or anesthesia.
" While it is true that a medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field . . . the witness nonetheless should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable'" (Behar v Coren, 21 AD3d 1045, 1046-1047, quoting Postlethwaite v United Health Servs. Hosps., 5 AD3d 892, 895). "Thus, where a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered" (Behar v Coren, 21 AD3d at 1047; see DiLorenzo v Zaso, 148 AD3d 1111, 1113). "Where no such foundation is laid, the expert's opinion is of no probative value,'" and is therefore insufficient to meet a party's burden on a summary judgment motion (DiLorenzo v Zaso, 148 AD3d at 1115, quoting Feuer v Ng, 136 AD3d 704, 707).
The hospital defendants' expert, Vincent M. D'Amico, asserted that he had "overseen the labor and delivery of thousands of newborns," and that "[b]y virtue of [his] experience and training, [he was] familiar with the accepted standards of practice in the fields of obstetrics and gynecology that were in effect at the time of the events at issue herein, including the management of labor and delivery and postpartum and neonatal care." We reject the hospital defendants' contention that D'Amico's professed familiarity with "postpartum and neonatal care," through his extensive experience delivering newborns, was sufficient, without more, to establish his qualifications to render reliable opinion testimony on issues including, inter alia: (1) whether De Jesus, an orthopedic intern, acted in an appropriate and timely manner in diagnosing and treating Roizman's pubic bone diastasis; (2) whether Naves-Ruiz, a pediatrician, properly responded to the infant's neonatal oxygen desaturation, properly ruled out sepsis and treated the infant with antibiotics for presumed pneumonia and infection, and performed all appropriate tests; (3) whether the staff of the Lenox Hill Hospital Department of Anesthesiology properly performed Roizman's epidural; and, (4) whether the staff of Lenox Hill Hospital was negligent and in any way contributed to the plaintiffs' alleged injuries (see Shectman v Wilson, 68 AD3d 848). Because D'Amico did not establish his qualifications to opine on these issues, his affirmation was insufficient to carry the hospital defendants' burden to establish a prima facie case for summary judgment in their favor (see Feuer v Ng, 136 AD3d at 707; Lavi v NYU Hospitals Center, 133 AD3d 830, 831; Behar v Coren, 21 AD3d at 1046-1047).
However, De Jesus and Nidia De Jesus, M.D., P.C., demonstrated, prima facie, that De Jesus had no involvement with Roizman's labor and delivery or with Roizman's anesthesia, and the plaintiffs failed to raise a triable issue of fact in opposition. Specifically, at her deposition, De Jesus testified that she saw Roizman one time for an orthopedic consult regarding Roizman's post-delivery pelvic pain and difficulty ambulating. Accordingly, we agree with the Supreme Court's determination awarding De Jesus and Nidia De Jesus, M.D., P.C., summary judgment dismissing so much of the causes of action to recover damages for medical malpractice and negligence as are predicated upon the administration of an epidural and anesthesia procedures insofar as asserted against them. Moreover, insofar as the plaintiffs' bill of particulars reflects that the cause of action to recover damages for lack of informed consent relates solely to Roizman's anesthesia during labor and delivery, we also agree with the determination awarding De Jesus and Nidia De Jesus, M.D., P.C., summary judgment dismissing that cause of action insofar as asserted against them.
The parties' remaining contentions are without merit.
MASTRO, J.P., COHEN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court