Mendez v Rattigan (2022 NY Slip Op 05523)

Mendez v Rattigan

2022 NY Slip Op 05523

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2021-08766
 (Index No. 524301/18)

[*1]Laura Mendez, respondent, 
v
Jerome Rattigan, appellant.

Washington Law Firm, P.C., Brooklyn, NY (Shellon O. Washington of counsel), for appellant.
Leonard X. Gillespie, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for intentional infliction of emotional distress, the defendant appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated May 15, 2020. The order directed a hearing to determine the validity of service of process on the defendant to aid in the disposition of the defendant's motion pursuant to CPLR 5015(a)(4) to vacate an order of the same court dated September 24, 2019, granting the plaintiff's motion for leave to enter a default judgment, and pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction.
ORDERED that on the Court's own motion, the notice of appeal from the order dated May 15, 2020, is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated May 15, 2020, is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 5015(a)(4) to vacate the order dated September 24, 2019, and pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction is granted.
In December 2018, the plaintiff commenced this action against the defendant, her former husband, inter alia, to recover damages for intentional infliction of emotional distress. According to an affidavit of service, the defendant was served with the summons and complaint pursuant to CPLR 308(2) on March 25, 2019, by delivery of the summons and complaint to "John Doe" at certain real property located at 1570 East 14th Street in Brooklyn (hereinafter the 14th Street property), followed by mailing of the summons and complaint to that address. The defendant did not answer the complaint. In an order dated September 24, 2019, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment.
The defendant moved pursuant to CPLR 5015(a)(4) to vacate the order dated September 24, 2019, and pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction. In a supporting affidavit, the defendant averred that he moved out of the 14th Street property in 2016, where he previously lived with the plaintiff, and that the plaintiff was aware he resided at certain real property located at 1425 Brooklyn Avenue (hereinafter the Brooklyn Avenue [*2]property), including as of the date of the purported service. In an affidavit submitted in opposition to the motion, the plaintiff acknowledged that prior to filing the summons and complaint in this action, she was aware and informed her attorney that the defendant had moved out of the 14th Street property on July 1, 2016, and that the defendant then resided at the Brooklyn Avenue property, including through the date of the purported service. The plaintiff also submitted an affirmation from her attorney asserting that the plaintiff had disclosed that the defendant resided at the Brooklyn Avenue property, which was provided to the process server, and that the process server attempted service at the defendant's last known address, the 14th Street property, after making unsuccessful attempts to serve the defendant at the Brooklyn Avenue property. In an order dated May 15, 2020, the Supreme Court directed a hearing to determine the validity of service on the defendant to aid in the disposition of the defendant's motion. The defendant appeals.
"Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308" (Wells Fargo Bank, N.A. v Enitan, 200 AD3d 736, 738). "CPLR 308 requires that service be attempted by personal delivery of the summons 'to the person to be served,' or by delivery 'to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode,'" along with a mailing of the summons to the defendant's last known residence or actual place of business (id. at 738 [citation omitted], quoting CPLR 308[1], [2]). "Personal jurisdiction is not acquired absent compliance with both the delivery and mailing requirements of the statute" (Everbank v Kelly, 203 AD3d 138, 143).
"Ordinarily, a process server's affidavit of service constitutes prima facie evidence of valid service" (Deutsche Bank Natl. Trust Co. v Kenol, 205 AD3d 1004, 1005). However, "[a] sworn denial of receipt of service containing [a] detailed and specific contradiction of the allegations in the process server's affidavit may defeat the presumption of proper service" (Federal Natl. Mtge. Assn. v Britt, 205 AD3d 683, 684 [internal quotation marks omitted]). "'If an issue regarding service turns upon a question of credibility, a hearing should be held to render a determination on this issue'" (Jampolskaya v Ilona Genis, MD, P.C., 205 AD3d 785, 786, quoting Rosemark Contrs., Inc. v Ness, 149 AD3d 1115, 1116).
Here, the defendant rebutted the presumption of valid service raised by the affidavit of service through the submission of his affidavit in which he averred that he did not reside at the 14th Street property on the date of the purported service. Thus, the process server did not deliver a copy of the summons and complaint to a person of suitable age and discretion at the defendant's "dwelling [house] or usual place of abode," as required to effectuate service under CPLR 308(2) (see Bank of N.Y. v Dutan, 200 AD3d 636, 638). Further, since the plaintiff conceded that the defendant had moved out of the 14th Street property on July 1, 2016, more than two years prior to the commencement of this action, and that the defendant resided at the Brooklyn Avenue property as of the date of the purported service, the record reflects that there was no factual dispute as to whether the 14th Street property was the defendant's "dwelling [house] or usual place of abode" as of the date of the purported service (CPLR 308[2]). Thus, there was no need for the Supreme Court to direct a hearing to determine the validity of service on the defendant (see Schwarz v Margie, 62 AD3d 780, 781; Leviton v Unger, 56 AD3d 731, 732; cf. Taylor v Jones, 172 AD2d 745).
The plaintiff's remaining contentions either are not properly before this Court or without merit.
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 5015(a)(4) to vacate the order dated September 24, 2019, and pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction.
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court