Messina v Rivera (2022 NY Slip Op 05999)

Messina v Rivera

2022 NY Slip Op 05999

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2019-00430
 (Index No. 32256/15)

[*1]Sharon Messina, et al., appellants,
v
Ramon E. Rivera, etc., et al., respondents.

Dankner Milstein, P.C. (Alexander J. Wulwick, New York, NY, of counsel), for appellants.
O'Connor, McGuinness, Conte, Doyle, Oleson, Watson & Loftus, LLP, White Plains, NY (Montgomery L. Effinger of counsel), for respondents Ramon E. Rivera and Tri-State Bariatrics.
Pilkington & Leggett, P.C., White Plains, NY (Michael N. Romano of counsel), for respondents Andrew M. Goldenberg and Digestive Disease Associates of Rockland, P.C.

DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated December 10, 2018. The order, insofar as appealed from, granted the motion of the defendants Andrew M. Goldenberg and Digestive Disease Associates of Rockland, P.C., for summary judgment dismissing the complaint insofar as asserted against them, and granted the motion of the defendants Ramon E. Rivera and Tri-State Bariatrics for summary judgment dismissing the complaint insofar as asserted against them to the extent of dismissing all claims for medical malpractice arising from care prior to July 21, 2014.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the defendants.
The plaintiff Sharon Messina (hereinafter the plaintiff), and her husband suing derivatively, commenced this action to recover damages for medical malpractice, as is relevant here, based on the alleged separate failures of the defendants Andrew M. Goldenberg and Digestive Disease Associates of Rockland, P.C. (hereinafter together the Goldenberg defendants), and the defendants Ramon E. Rivera and Tri-State Bariatrics (hereinafter together the Rivera defendants) to timely diagnose and treat the plaintiff's colitis appurtenant to a clostridium difficile infection (hereinafter c-diff). The Goldenberg defendants and the Rivera defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the Goldenberg defendants' motion, and granted the Rivera defendants' motion to the extent of dismissing all claims for medical malpractice arising from care prior to July 21, 2014. The plaintiffs appeal.
"In order to establish the liability of a physician for medical malpractice, a plaintiff [*2]must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23). In moving for summary judgment, a physician-defendant must establish, prima facie, "either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d 959, 960). Once a defendant has made such a showing, the burden shifts to the plaintiff to submit evidentiary facts or materials to rebut the defendant's prima facie showing (see Stukas v Streiter, 83 AD3d at 30).
Here, the Supreme Court properly granted the Goldenberg defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. The Goldenberg defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by submitting evidence that Goldenberg ordered a test which would have tested for c-diff and that the plaintiff failed to follow through on that order. In opposition, the plaintiffs failed to demonstrate the existence of a triable issue of fact.
The Supreme Court also properly granted the Rivera defendants' motion for summary judgment dismissing the complaint insofar as asserted against them to the extent of dismissing all claims for medical malpractice arising from care prior to July 21, 2014. As the plaintiffs concede on appeal, Rivera, the plaintiff's bariatric surgeon at Tri-State Bariatrics, referred the plaintiff to Goldenberg, a gastroentorologist, for the plaintiff's reported gastrointestinal issues. When the plaintiff later reported symptoms related to her gastrointestinal issues at an office visit at Tri-State Bariatrics after the visit where Goldenberg ordered the appropriate testing, she was directed to return to Goldenberg. Although a referring physician may be held liable for his or her own independent conduct that proximately causes a patient injury (see Datiz v Shoob, 71 NY2d 867, 868; Yanchynska v Wertkin, 178 AD3d 1122; Lindenbaum v Federbush, 144 AD3d 869, 870; Mandel v New York County Pub. Adm'r, 29 AD3d 869, 871), here, the Rivera defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them to the extent of dismissing all claims for medical malpractice arising from care prior to July 21, 2014, by relying on a referral to Goldenberg, a specialist, for the plaintiff's reported gastrointestinal issues and directing her to return to Goldenberg when she reported further symptoms (see Ellis v Eng, 70 AD3d 887, 892-893). In opposition, the plaintiffs failed to demonstrate the existence of a triable issue of fact.
Contrary to the plaintiffs' contention, this Court does not have the authority pursuant to CPLR 5517(b) to review a subsequent order of the Supreme Court. That statute only applies to orders which are appealable as of right, and the court's subsequent order denied the plaintiffs' motion for leave to reargue their opposition to the prior motions, which is not appealable (see Dual-Purpose Corp. v Hadjandreas, 203 AD3d 1134; Dagnino v Key Bank, 200 AD3d 758).
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., IANNACCI, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court