Christiana Trust v Leriche (2023 NY Slip Op 04186)

Christiana Trust v Leriche

2023 NY Slip Op 04186

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-00895
 (Index No. 715507/16)

[*1]Christiana Trust, etc., appellant,
v
Naromie Leriche, respondent, et al., defendants.

J. Robbin Law, PLLC, Armonk, NY (Jacquelyn A. DeCicco and Jonathan M. Robbin of counsel), for appellant.
Marc Wohlgemuth & Associates, P.C., Monsey, NY (Jeremy M. Doberman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam B. Jackman-Brown, J.), dated December 2, 2019. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Naromie Leriche, and granted that defendant's cross-motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On February 23, 2006, the defendant Naromie Leriche (hereinafter the defendant) executed a note in the amount of $240,000 in favor of the defendant Bank of America, N.A. (hereinafter Bank of America). The note was secured by a mortgage on certain real property located in Queens.
On December 5, 2011, Bank of America commenced an action to foreclose the mortgage against the defendant, among others. That action was dismissed by an order of the Supreme Court dated July 8, 2015, based on Bank of America's failure to comply with a prior order.
On October 4, 2016, the plaintiff, Bank of America's purported successor-in-interest, commenced the instant action to foreclose the mortgage against the defendant, among others. In an affidavit of service, a process server stated that he served the summons and complaint on the defendant by delivering a copy to a person of suitable age and discretion at the subject property in New York on January 19, 2017. The process server stated that he also mailed a copy of the summons and complaint to the defendant at the same address on January 24, 2017. The defendant failed to timely answer the complaint or otherwise appear in the action.
Thereafter, the plaintiff moved, inter alia, for a default judgment against the defendant and to appoint a referee to compute the amount due on the mortgage. The defendant opposed the motion, and cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted [*2]against her on the ground that the plaintiff failed to properly serve her with the summons and complaint. In support of the cross-motion, the defendant submitted an affidavit in which she stated that she had left New York for California in 2014, and had settled in Florida in 2015. The defendant submitted a California decree changing her name from Naromie Leriche to Naomi Esther Leriche. In addition, she submitted copies of her original and current Florida driver licenses. She also submitted her Florida marriage certificate.
The plaintiff then moved, in the alternative, pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant. In opposition to the plaintiff's motion to extend the time to serve her, the defendant submitted a letter from her to the plaintiff's prior loan servicer, dated June 5, 2014, in which she stated her intention to move out of New York.
In an order dated December 2, 2019, the Supreme Court, inter alia, denied the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant, and granted the defendant's cross-motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The plaintiff appeals.
The Supreme Court properly granted the defendant's cross-motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. "The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process. In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void" (Washington Mut. Bank v Murphy, 127 AD3d 1167, 1173-1174 [citations omitted]). "Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589; see US Bank N.A. v Cooper, 191 AD3d 1035). "Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing" (U.S. Bank, N.A. v Tauber, 140 AD3d 1154, 1155 [citation omitted]).
Here, the plaintiff established, prima facie, that it properly served the defendant, by submitting the affidavit of its process server, who stated that he served the summons and complaint on the defendant by delivering a copy to a person of suitable age and discretion at the New York address of the subject property, and by mailing a copy of the summons and complaint to the defendant at the same address. However, the defendant rebutted the presumption of proper service by submitting her affidavit and documentary evidence, demonstrating that she had moved to Florida two years prior to the date of purported service (see Mendez v Rattigan, 209 AD3d 637, 639-640; Everbank v Kelly, 203 AD3d 138, 147). In its reply papers before the Supreme Court, the plaintiff contended that a hearing was unwarranted. Thus, the plaintiff's contention that the court should have directed a hearing is improperly raised for the first time on appeal (see Deutsche Bank Natl. Trust Co. v Pezzola, 199 AD3d 877; see also Mendez v Rattigan, 209 AD3d at 639-640). Likewise, the plaintiff's contention that the defendant's Florida address was not, in fact, her "usual place of abode," is improperly raised for the first time on appeal (see Deutsche Bank Natl. Trust Co. v Pezzola, 199 AD3d 877).
The Supreme Court also properly denied the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant. Contrary to the plaintiff's contention, an extension of time was not warranted in the interest of justice (see Slate v Schiavone Constr. Co., 4 NY3d 816; see generally State of New York Mtge. Agency v Braun, 182 AD3d 63, 67-68, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106). By failing to raise in its main brief its contention that an extension of time was warranted for good cause, the plaintiff has abandoned any argument it may have had in that regard, despite its attempt to raise the issue in its reply brief (see Roizman v Stromer, 185 AD3d 978, 980; Matter of Keyes v Watson, 133 AD3d 757, 759; Shaw v Bluepers Family Billiards, 94 AD3d 858, 860).
CONNOLLY, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court