Citimortgage, Inc. v Ramcharran (2025 NY Slip Op 04227)

Citimortgage, Inc. v Ramcharran

2025 NY Slip Op 04227

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-03114
 (Index No. 727436/21)

[*1]Citimortgage, Inc., respondent, 
v
Indranie Ramcharran, et al., defendants, Venita Raichandra- Ragnauth, etc., appellant.

Leila Rose-Gordon, Elmont, NY, for appellant.
Houser LLP, New York, NY (Kathleen M. Massimo of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Venita Raichandra-Ragnauth appeals from an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered March 8, 2023. The order denied that defendant's motion pursuant to CPLR 5015(a)(4) to vacate an order and judgment of foreclosure and sale (one paper ) of the same court (Chereé A. Buggs, J.) entered December 5, 2018, and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction and for failure to comply with RPAPL 1304.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine whether the defendant Venita Raichandra-Ragnauth was properly served with process pursuant to CPLR 308(2), and for a new determination thereafter of that defendant's motion pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her.
In August 2014, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Venita Raichandra-Ragnauth (hereinafter the defendant). The defendant failed to appear or answer the complaint. In an order and judgment of foreclosure and sale entered December 5, 2018, the Supreme Court granted the plaintiff's unopposed motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
In September 2022, the defendant moved pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction and for failure to comply with RPAPL 1304. In an order entered March 8, 2023, the Supreme Court denied the defendant's motion. The defendant appeals.
"CPLR 5015(a)(4) provides for vacatur of a judgment or order upon the ground of lack of jurisdiction to render the judgment or order" (Deutsche Bank Natl. Trust Co. v Simpson, 208 AD3d 1305, 1307 [internal quotation marks omitted]; see Citimortgage, Inc. v Cardali, 230 AD3d 467, 467). "The court does not have personal jurisdiction over a defendant when a plaintiff fails to [*2]properly effectuate service of process. In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void" (Christiana Trust v Leriche, 219 AD3d 564, 566 [internal quotation marks omitted]; see 115 Essex St., LLC v Tenth Ward, LLC, 227 AD3d 640, 642). "Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308" (115 Essex St., LLC v Tenth Ward, LLC, 227 AD3d at 642 [internal quotation marks omitted]; see Niebling v Pioreck, 222 AD3d 873, 874).
"In pertinent part, CPLR 308(2) provides that personal service upon a natural person may be made by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served and by mailing the summons to the person to be served at his or her last known residence" (Nationstar Mtge., LLC v Stroman, 202 AD3d 804, 807; see CPLR 308). "[S]ervice is invalid if the service address is not, in fact, the defendant's actual place of business, dwelling place, or usual place of abode" (Matter of Lester Korinman Kamran & Masini, P.C. v Davis, 227 AD3d 906, 907 [internal quotation marks omitted]; see Legal Servicing, LLC v Carty, 229 AD3d 533, 535-536).
"Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Citimortgage, Inc. v Unger, 230 AD3d 1226, 1227-1228 [internal quotation marks omitted]; see Christiana Trust v Leriche, 219 AD3d at 566). "Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing" (Citimortgage, Inc. v Unger, 230 AD3d at 1228 [internal quotation marks omitted]; see Christiana Trust v Leriche, 219 AD3d at 566).
Here, the process server's affidavit indicates that he served the defendant by delivery of the summons and complaint on August 27, 2014, at the defendant's place of residence to the defendant's cotenant, a person of suitable age and discretion, and by timely mailing the summons and complaint to the same address. Thus, the process server's affidavit constituted prima facie evidence of proper service upon the defendant (see CPLR 308; Nationstar Mtge., LLC v Stroman, 202 AD3d at 807).
However, the defendant sufficiently rebutted the presumption of proper service. The defendant submitted evidence that the subject property is a two-family residence, consisting of two separate apartments with two separate exterior entrances, and the process server did not specify at which apartment service was made. The defendant further averred that no one visited her apartment on the date in question purporting to serve her with legal papers. Under these circumstances, a hearing to determine the validity of service upon the defendant pursuant to CPLR 308(2) is necessary (see Legal Servicing, LLC v Carty, 229 AD3d at 535-536; see also Thacker v Malloy, 148 AD3d 857, 857; Lombay v Padilla, 70 AD3d 1010, 1012).
"[A]rguments regarding . . . RPAPL 1304 . . . are nonjurisdictional and cannot be raised without first vacating [the defendant's] default" (Wilmington Trust, N.A. v Ashe, 189 AD3d 1130, 1132; see Wells Fargo Bank, NA v Stewart, 229 AD3d 584, 586; Citimortgage, Inc. v Pierce, 203 AD3d 878, 880). Thus, we do not address the defendant's contentions in that regard.
Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing to determine whether the defendant was properly served with process pursuant to CPLR 308(2), and for a new determination thereafter of the defendant's motion pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her.
CHAMBERS, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court