McCord v Dayen
2026 NY Slip Op 03789
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Richard J. McCord, etc., appellant,
v
Nina Dayen, etc., et al., respondents, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-00232, (Index No. 522261/17)
Betsy Barros, J.P.
Helen Voutsinas
Lourdes M. Ventura
Donna-Marie E. Golia, JJ.

Earle F. Weprin, Brooklyn, NY (William Pager of counsel), for appellant.
Kutner Corrado & Friedrich, LLP, New York, NY (John P. Krajewski of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Conseulo Mallafre Melendez, J.), dated October 2, 2023. The order, insofar as appealed from, granted the motion of the defendants Nina Dayen, Vladimir Krichevsky, and Yekaterina Kleydman for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2017, Benjamini Beni commenced this action against the defendants Nina Dayen, Vladimir Krichevsky, and Yekaterina Kleydman (hereinafter collectively the defendants), and another defendant, to recover damages for medical malpractice. The complaint alleged, inter alia, that the defendants failed to timely diagnose and treat Beni's multiple myeloma. Thereafter, Beni commenced a bankruptcy proceeding pursuant to Chapter 7 of the United States Bankruptcy Code and, in this action, the trustee of the bankruptcy estate was then substituted in Beni's place as the plaintiff. In January 2023, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated October 2, 2023, the Supreme Court, among other things, granted the defendants' motion. The plaintiff appeals.
"The essential elements of medical malpractice are (1) a deviation from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Alao v Richmond Univ. Med. Ctr., 213 AD3d 722, 723 [internal quotation marks omitted]; see Hayden v Gordon, 91 AD3d 819, 820). "In a medical malpractice action, a defendant moving for summary judgment bears the initial burden of establishing either that there was no departure from good and accepted medical practice or that any departure was not a proximate cause of the plaintiff's injuries" (Kogan v Bizekis, 180 AD3d 659, 660; see Pirri-Logan v Pearl, 192 AD3d 1149, 1150). "Once this showing has been made, a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact" (Gupta v Lescale, 224 AD3d 668, 669 [internal quotation marks omitted]; see Messina v Rivera, 209 AD3d 1004, 1005). "To rebut the defendant's prima facie showing, a plaintiff must submit an expert [*2]opinion that specifically addresses the defense expert's allegations" (Pirri-Logan v Pearl, 192 AD3d at 1150). "General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion" (Myers v Ferrara, 56 AD3d 78, 84; see Corujo v Caputo, 224 AD3d 729, 730-731). "Where a plaintiff alleges that a delay in diagnosis caused the injury, an expert affidavit that is conclusory and speculative and does not address or rebut a specific assertion that an alleged delay in diagnosis did not contribute to the alleged injuries is insufficient" (Connolly v Sanders, 239 AD3d 594, 595).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. With respect to Krichevsky and Kleydman, the defendants submitted, inter alia, affirmations of two medical experts who opined that Krichevsky and Kleydman did not depart from good and accepted medical practice in their treatment of Beni and, in any event, any alleged departure was not a proximate cause of Beni's alleged injuries. With respect to Dayen, the defendants submitted, among other things, an affirmation of a medical expert who opined that Beni's alleged injuries were not causally related to any treatment or care rendered by Dayen and that any alleged delay in the diagnosis of Beni's multiple myeloma was not a proximate cause of Beni's alleged injuries and would not have altered his treatment or prognosis (see Kelly v Gonzalez-Torres, 219 AD3d 711, 713).
In opposition, the plaintiff failed to raise a triable issue of fact. The expert affirmation submitted by the plaintiff did not address the standard of care rendered by Krichevsky and Kleydman. Further, the plaintiff's expert offered merely conclusory and speculative assertions on the issue of proximate cause and failed to address or rebut the specific assertions that any alleged delay in diagnosis by Dayen would not have altered Beni's treatment or prognosis (see E.G. v Alzoobaee, 237 AD3d 1052, 1054; Elstein v Hammer, 192 AD3d 1075, 1079; Zabary v North Shore Hosp. in Plainview, 190 AD3d 790, 794).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
The plaintiff's remaining contention is improperly raised for the first time on appeal and, thus, not properly before this Court (see Colonial Sur. Co. v Advanced Conservation Sys., Inc., 164 AD3d 465, 465-466).
BARROS, J.P., VOUTSINAS, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court